ARCHILLE CARON v. POWERS-SIMPSON COMPANY.[1]

November 17, 1905.

Nos. 14,283—(11).

**Master and Servant.**

   The relationship of master and servant rests upon contract, express or implied, and where there is dispute of fact as to whether the contract of employment was made with an independent contractor or the employer of such contractor it is for a jury, under proper instructions, to determine the controversy.

**Question for Jury.**

   In this case, involving recovery for personal injuries caused by alleged negligence, there was such a dispute of fact concerning the party employing the plaintiff as should have been submitted to a jury.

   Action in the district court for St. Louis county to recover $20,410 for personal injuries. The case was tried before Dibell, J., and a jury, which rendered a verdict in favor of defendant. From an order granting a motion for a new trial, defendant appealed. Affirmed.

   *Alexander Marshall* and *Warner E. Whipple,* for appellant.

   *Jno. Jenswold, Jr.,* for respondent.

JAGGARD, J.

   The plaintiff was at work on the top of a rollway of logs, which were being piled by means of skids. While he was assisting in raising the skids, the pile of logs broke, rolled, and fell over and upon him, and produced the damages here sought to be recovered. This action was based on the alleged negligence of the defendant and appellant, causing the pile of logs to break. The jury brought in a verdict for the defendant, which the court on motion set aside. From his order granting a new trial this appeal was taken.

   The defendant upon trial introduced testimony tending to show that the plaintiff was not in the employ of the defendant Powers-Simpson Company, but was in the employ of P. M. Broderick, who for present purposes will be regarded as an independent contractor, through whose alleged negligence he was injured. The court charged as a matter of

1 Reported in 104 N. W. 889.

law that the plaintiff was the employee of Broderick, and not of the defendant Powers-Simpson Company. The initial and essential question in the case is whether or not the testimony was so conclusive as to justify this charge. It is elementary that the relation of master and servant rests upon contract, express or implied, and that, when there is dispute of fact as to the persons by whom that contract was made, the jury under proper instructions must determine the controversy. There was evidence in this case tending to show the following facts, viz.: The president of the defendant company, Mr. Powers, personally hired one Al Caron, assigned him as foreman of what was known as "Broderick's Camp," and directed him to hire more employees. Thereafter Al employed plaintiff at Duluth for agreed wages, and, returning with him, met Powers, who personally drove them all out to camp. After plaintiff was hurt, Mr. Powers wrote to the mother superior of a hospital at Duluth concerning the plaintiff as follows:

> I am very sorry that one of our men that was working for us only 1½ days met with an accident that had to take his leg off at your hospital a few days ago. Would like to have you take the best of care of him, and I will get a collection from the men to help pay you for your trouble, as the poor fellow had not a cent at the time of accident and I think he is a good worthy fellow.

This and other evidence, unnecessary to be here referred to, was sufficient to make it a question of fact for the jury to determine whether the plaintiff was in the employ of Broderick or of the Powers-Simpson Company. The court accordingly properly granted a new trial.

The other principal assignment of error is based upon the contention that, even upon the theory of plaintiff's employment by the defendant, a verdict for plaintiff could not stand, because it must be impossible for the plaintiff to show actionable negligence on the part of the defendant, and that the facts showed assumption and appreciation of risk by the plaintiff. We are of opinion that upon the record here this contention should not be sustained. Inasmuch as the case is subject to a new trial, we forbear from discussing these questions at length.

Order affirmed.