ARCHILLE CARON v. POWERS-SIMPSON COMPANY and Another.[1]

March 15, 1907.

Nos. 15,020—(162).

**Questions for Jury.**

A pile of logs, decked on two skids alleged to have been negligently placed too close together and rested insecurely on soft, boggy ground, broke and damaged plaintiff. It is *held*, that it was for the jury to determine whether (1) plaintiff assumed the risk; (2) or was guilty of contributory negligence; (3) and whether defendant was negligent in putting in charge of the work, and to lay or deck the logs, a fellow servant who had the use of only one hand; (4) or had supervision or control over the piling or placing of the skids, so as to deprive it of the defense of the negligence of an independent contractor.

Action in the district court for St. Louis county to recover $20,410 for personal injuries. The case was tried before Dibell, J., and a jury, which rendered a verdict in favor of plaintiff. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant Powers-Simpson Company appealed. Affirmed.

*Alexander Marshall,* for appellant.

*John Jenswold, Jr.,* for respondent.

PER CURIAM.

In this case an appeal was previously taken from an order granting a motion for a new trial after a jury had rendered a verdict for defendant. This court affirmed the order of the trial court. 96 Minn. 192, 104 N. W. 889. The court there expressed the opinion that defendant's contention that the facts did not show actionable negligence on

[1] Reported in 111 N. W. 152.

the part of the defendant, but did show assumption and appreciation of risk by the plaintiff, should not be sustained. Upon the new trial plaintiff had a verdict. This appeal was taken from the order denying the alternative motion for judgment for defendant notwithstanding the verdict or for a new trial.

Plaintiff introduced testimony tending to show negligence of the defendant in three respects: (1) That it failed to furnish him a reasonably safe place in which to work, in this: That the two skids upon which the logs were piled were too close together and rested upon an insecure foundation, to wit, soft or boggy ground; (2) that it sent him down upon the face of the skidway without any warning or instruction as to the risks and dangers; (3) that Alphonse Caron, by reason of being disabled in one hand, was incompetent and unfit to do his work properly.

"Four salient points are relied upon by defendant in support of his [present] contention." He insists that plaintiff cannot recover, because he assumed the risk of the employment and because of contributory negligence. The trial court submitted to the jury that it was for them to determine in effect whether the risks and dangers were open and apparent to one of common powers of observation in the prudent exercise of his senses. We think this was proper. It applied to what plaintiff should have observed with respect to the distance between the two skids upon which the logs were piled and the character of the foundation upon which the pile rested. The charge as to contributory negligence was full, fair, and applicable.

The court also charged that Al Caron was a fellow servant of plaintiff in the manual work of decking the logs and that, if the injury to plaintiff came solely through the faulty decking by Al Caron, who had charge of the decking and laid the logs, the defendant was not liable, unless it was negligent in putting Al Caron at decking while he had the use of only one hand. This was obviously proper. There is no more doubt as to the propriety of the charge concerning the doctrine of independent contractor, as applied to the facts. The defendants requested an instruction that there could be no recovery, among other things, unless the jury should also find that the defendant had supervision or control over the building or placing of the skids. The

court gave this charge in effect, although not in so many words. It was proper, in view of the facts.

There is no merit in the assignments of error not addressed to these points.

Order affirmed. ·.